**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MONIQUE BORK,

                Petitioner-Appellant,

    v.

JERRY HOWELL, Warden; ATTORNEY
GENERAL FOR THE STATE OF
NEVADA; DWIGHT NEVEN, Warden,

                Respondents-Appellees.

No.   20-15461

D.C. No.
2:16-cv-01235-APG-VCF

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Nevada
Andrew P. Gordon, District Judge, Presiding

Argued and Submitted August 30, 2021
San Francisco, California

Before:  SCHROEDER, RAWLINSON, and BYBEE, Circuit Judges.

    Nevada state prisoner Monique Bork appeals the district court's denial of her

28 U.S.C. § 2254 habeas corpus petition challenging her conviction by guilty plea

and her sentence of 96–240 months.  Bork pleaded guilty to abuse and child

---

    [*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

neglect after her child died from incapacitating injuries suffered at the hands of her then boyfriend, Edward Thompson, and which she did not report. Bork pleaded guilty to this lesser charge in exchange for the state's dismissing a charge of murder.

This court granted a certificate of appealability on two claims of ineffective assistance of counsel. We now affirm.

Bork first claims counsel should have moved to dismiss the charges on statute of limitations grounds. Nevada tolls the statute of limitations for felonies "committed in a secret manner" until "discovery of the offense." Nev. Rev. Stat. § 171.095(1)(a). Although Bork contends her counsel did not examine the statute of limitations issue before advising her to plead guilty to child abuse, Bork has not produced any evidence of what her trial counsel advised or why. And even if Bork's counsel had pursued a statute of limitations defense, there was little guarantee of success. As the state court of appeals concluded, had counsel moved to dismiss on statute of limitations grounds, "the [s]tate would have been able to present evidence she committed the offense in a secretive manner that tolled the statute of limitations." The state court reasonably determined that Bork failed to show counsel's performance was deficient or prejudicial. *See* 28 U.S.C. § 2254(d); *Harrington v. Richter*, 562 U.S. 86, 105 (2011).

Bork also claims counsel should have refused the plea and asserted a defense that Bork's statements did not amount to an admission to the crime charged. This argument appears to assume, erroneously, that the only evidence the state would be able to introduce at trial consisted of Bork's statements. There was other evidence the state could have introduced and that counsel could have reasonably anticipated, including Bork's knowledge of Thompson's drug usage and her delay in seeking medical care. It was reasonable for counsel to recommend accepting a plea at an early stage in order to present a more favorable record at sentencing.

The district court's judgment denying the petition is **AFFIRMED.**